*N. A. Puckett,* for the appellant.

———————⊸♦⊷———————

SHARP *v.* JONES.

A purchaser of goods from a fraudulent vendor, may have the legal and beneficial ownership in him, and may transfer it to a *bona fide* purchaser from him, at any time before creditors of the fraudulent vendor divest him of the property.

An agent, who contracts with another, *in his own name,* may sue on the contract; but he can not, when he contracts in the name of his principal.

A tender of a specific article, to be effective, must be of such an article, in every material respect, as the contract under which it is made requires.

APPEAL from the *Howard* Common Pleas.

PERKINS, J.—Suit for goods sold and delivered by *Jones* to *Sharp.* Complaint containing two paragraphs—one on a general, the other upon a special contract of sale.

Answer in three paragraphs.

1. Denying that the plaintiff was the beneficial owner of the goods sold.

If the plaintiff was the owner of the goods through a sale to him by a fraudulent seller, still the legal and beneficial ownership might be in him, and might pass to a *bona fide* purchaser from him at any time before the creditors of the seller sought to divest him of the property. If the plaintiff

Sharp v. Jones.

was only the agent of the owner, and thus not possessed of the beneficial interest, still, as the contract of sale to *Sharp* was entered into by him (the plaintiff) in his own name, he could sue *Sharp* on the contract.

The code provides as follows:

"Sec. 3. Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract.

"Sec. 4. An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another. It shall not be necessary to make an idiot or lunatic a joint party with his guardian or committee, except as may be required by statute." 2 R. S. p. 27.

Under this section, if an agent, for example, a carrier of goods, a factor, consignor, or consignee, &c., makes a contract, oral or written, in his own name, touching the subject of his agency, he can sue upon it.

But if he make the contract in the name of his principal, then the principal should sue; and he *may* sue where the contract is made in the name of his agent. Swann's Pl. and Prac. (1861) pp. 83, 84, 85.

The two remaining paragraphs of the answer set up severally a tender.

The special contract upon which the goods were sold, stipulated that the purchaser, *Sharp*, was to transfer, in part payment of them, a note for a fraction over 800 dollars, to *Jones*, the seller, which note was made by *Henry Bell*, of *Baltimore*, and, according to the stipulation in the agreement, was " pay-

Sharp *v.* Jones.

able in cigars, at their real cost value in *Baltimore;*" and which note said *Sharp* was "to guarantee the payment of when presented."

The note set up in one paragraph as having been tendered in discharge of this agreement, was payable in cigars, not at their real cost value, but at a fixed price, viz: 30 dollars per thousand; and there was no special guaranty upon it of payment "when presented." It simply had on it *Sharp's* blank indorsement, which would not have rendered him liable upon the note in question, it not being commercial paper, on nonpayment upon presentment in the manner that the special guaranty stipulated for would have done. The paragraph was bad.

The other paragraph averring a tender is a *felo de se.* It alleges a tender of the note, simply indorsed in blank, like the previous paragraph, and adds, that before it was so tendered, the defendant, *Sharp*, had presented it to *Bell*, at *Baltimore*, and demanded payment, and that payment had been refused, whereby, he alleges, it had become a cash note. This averment acknowledges the liability of *Sharp*, at the commencement of this suit, to pay *Jones* the price of the goods, either on the contract of sale, or on the note; because, by *Sharp's* agreement, he was to guaranty the payment of the note on demand; he had assumed to demand payment for *Sharp* before delivering the note; payment had been refused, he had notice of the refusal, and his liability on his agreement for the price of the goods, or the amount of the note was complete. Having failed to guaranty the note as he agreed, *Jones* was not bound to accept it, and might go for the price of the goods. The recovery below by the plaintiff was right, and must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*N. R. Linsday*, for the appellant.

*Thomas A. Hendricks*, for the appellee.