CINCINNATI AND CHICAGO RAILROAD Co. and Others *v.*
Rowe and Others.

A Circuit judge having been of counsel in a cause pending in his Court, set
    the same for trial before a judge of the Supreme Court, who appeared at
    the time designated, being in regular term time, heard some arguments
    and made some orders therein as to making new parties, &c. The Su-
    preme judge not having appeared further in said cause, the same was
    again set for trial by the judge of the Circuit Court, before a judge of
    another circuit. This was done by agreement of the parties, entered of
    record. The cause was accordingly heard before the judge last designa-
    ted, who, after repeated adjournments, from time to time, and not within
    any regular term of said Court, decided the same, and rendered judgment
    for plaintiff, over a motion for a new trial by defendants.
*Held*, that the judgment thus rendered was valid and binding; that said
    judge last designated had full power under the act of *March* 1, 1855,
    (Acts 1855, p. 61,) to adjourn the hearing of said cause from time to time,
    although some of said adjournments might have been to a day beyond a
    regular term of said court.
*Held*, also, that an order of the Circuit Court continuing said cause to
    another term, while the same was pending before the judge designated
    to try the same, was without authority.

*Thursday,*    APPEAL from the *Delaware* Circuit Court.
*February* 6.    HANNA, J.—Suit upon bonds, and coupons thereto attached,
issued by the railroad company, and to foreclose a mortgage

on lands given to secure the payment of the same. Judgment for the plaintiffs.

Nov. Term,
1861.

CINCINNATI
AND CHICAGO
RAILROAD CO.
v.
ROWE.

The pleadings were such as to raise questions upon the power of the company to receive, in payment of stock subscriptions, the real estate mortgaged, and to so mortgage it for the security of the payment of said bonds running from five to ten years; and also questions as to the validity of said bonds sued on. The company had its office at *Muncie, Delaware* county, *Indiana,* from which the bonds were issued, payable to *Thomas J. Sample,* a resident of said State, at the office of the *Ohio Life Insurance & Trust Co.,* in *New York,* with ten per cent. interest, payable semiannually, at said office of said Trust company.

The plaintiffs aver that said bonds were sold in the State of *Ohio,* the laws of which allow the taking of interest at the rate of ten per cent.·

There was a general denial, and also a paragraph of the answer averring that the bonds were executed in *Indiana,* and that they were delivered to *De Graff & Co.,* for work done on said road in *Indiana,* and not otherwise negotiated, &c. A demurrer was sustained to this paragraph. · The Court found that the bonds were issued, made and signed in *Indiana,* taken to *New York,* and offered for sale, but not sold, returned to, and sold at the city of *Cincinnati, Ohio,* to *De Graff & Co.,* in payment for work done on the road in *Indiana.*

But it is insisted that there was no valid judgment rendered, because it was not so rendered at any regular or adjourned special term of said Court, nor by a person authorized to render the same.

The facts are, that the action was commenced while Judge *Anthony* was on the bench, and continued two or three terms, until Judge *Buckles* came on the bench, who having been interested as counsel in the case, refused to preside on the trial thereof, and set the same down for trial before Judge *Perkins* of the Supreme Court, who appeared and heard an argument on demurrer in the case at the regular *November* term, 1859, of said Circuit Court, and made several orders in reference to admitting new parties, and permitting them to

Nov. Term,
1861.

CINCINNATI
AND CHICAGO
RAILROAD CO.
v.
ROWE.

answer, &c. The record then shows that, " by agreement of the parties (the judge of the Court being interested as counsel,) this cause is set for the fourth *Monday* of *December* 1859, for the trial thereof, and that Judge *Fabius M. Finch*, judge of the fifth circuit, is appointed to hear, and finally determine said cause at said term specified."

The record then shows that at the next regular *May* term of said *Delaware* Circuit Court, said cause was continued. Then follows entries, orders, &c. made by said Judge *Finch*. Commencing on said fourth *Monday* of *December*, 1859, at a court by him held, pursuant to said appointment; and afterward, by agreement of parties, it appears said cause was continued until *January* 9, 1860, when the said judge and parties again appeared, and further orders, &c., were made, and the cause continued until the fourteenth day of said month, when the parties, &c. again appeared, &c., and the cause was again continued until the twenty-third day of said month. On the twenty-fourth day of said month, as appears by the said record, " the Court met pursuant to adjournment, present as before." The parties again appeared, &c., and by agreement, said cause was set down for *June* 10. On that day the parties appeared, and submitted the cause for trial to the Court, without a jury. After hearing the proofs, arguments, &c., " day is given the parties until the third day of *January*, 1861, to hear," &c., until which time said cause was continued. At the next named date the parties appeared, and there was a finding and judgment. Motion for a new trial overruled, and thirty days given to file bill of exceptions, which was filed within the time limited. There is a motion here to strike out the bill of exceptions.

It is objected that the case having passed from before Judge *Buckles*, is in a manner, assimilated to a change of venue, to be heard before Judge *Perkins*, that it must of necessity take its course before the latter judge; that he could not appoint another judge, nor could the case again be placed in a condition to enable the incumbent of the Circuit bench to designate some other judge to preside at the trial thereof. But if the defendant is mistaken in this, then the person last designated, Judge *Finch*, should have tried

and concluded the case at the term set down, or, failing to do so, should have continued it until the next regular term, and not from time to time for more than a year, as disclosed by the record.

Nov. Term,
1861.

CINCINNATI
AND CHICAGO
RAILROAD CO.
v.
}

These proceedings were had under the act of *March* 1, 1855, (Acts 1855, p. 61,) by which it is evident the Legislature designed to substitute a method of obtaining the trial of cases, in which the judge of the court where pending could not preside, without the necessity of a resort to a change of venue to some other court. It was contemplated that the case should still remain upon the docket of the same court, but some other qualified person should be called upon by the disqualified judge to preside at such trial, either during term or at a time to be fixed in vacation. In the case at bar Judge *Perkins* began to hear the case during a regular term, but failing, for some reason not disclosed by the record, to complete the same, or continue it to a future time for further hearing, we are of opinion it was, still under the control of the regular judge, at least so far as to permit another order of appointment, &c. Certainly it was, with the consent of parties. A time having been set down for the hearing of said case and a judge designated, we are of opinion the statute expressly conferred upon him the power to adjourn from time to time until the business was completed; notwithstanding some one of such adjournments might have been to a day beyond a regular term of said court. Under this view of the case the order made by Judge *Finch* to adjourn the hearing beyond the *May* term, 1860, of said Court was operative, and consequently, that made by the Court at the said term continuing the case until the next term was without authority, for the reason that the case was still pending before Judge *Finch*, and was not on the docket among the cases to be tried at that term.

The other questions presented in this case are passed upon in that of *Butler* v. *Myer, ante,* p. 77.

*Per Curiam.*—Judgment affirmed.

*T. J. Sample, C. B. Smith,* and *W. J. Smith,* for the appellant.

*J. L. Ketcham* and *J. Smith,* for the appellees.