BAKER ET AL. *v.* SIMMONS.

CHANGE OF VENUE.—*Bill of Exceptions.*—Where the granting of a change of venue is not shown to have been excepted to, and the grounds of the objection to the change are not pointed out, by bill of exceptions, no question is presented for review.

SAME.—A party who applies for a change of venue cannot object to the granting of the change.

ASSIGNMENT OF ERROR.—*Complaint.*—It may be assigned as error that a complaint does not state facts sufficient to constitute a cause of action, although no demurrer was filed and overruled in the court below.

SAME.—On a complaint upon a promissory note providing for attorney's fees, an assignment of error, "that the complaint does not state facts sufficient to constitute a demand for attorney's fees assessed by the court," is not a good assignment.

PRACTICE.—*Evidence.*—In such case, if the complaint does not sufficiently state the claim for attorney's fees, the proper mode of getting the objection upon the record is to object to the introduction of evidence in support of that part of the cause of action.

APPEAL from the Henry Circuit Court.

DOWNEY, J.—Suit by the appellee against the appellants, John J. Baker, Robert D. Creed, and Robert Gunn, on a promissory note for the payment of a certain sum of money, with attorney's fees if suit should be instituted on the note, commenced in the Hancock Circuit Court, and, on change

Baker *et al. v.* Simmons.

of venue, tried in the Henry Circuit Court. Judgment having been rendered against the defendants, they appealed to this court, and have here assigned various errors.

They allege, first, that the court had no jurisdiction over the persons of the appellants; second, that the court had no jurisdiction of the subject of the action at the term at which judgment was rendered; third, that the complaint does not state facts sufficient to constitute a demand for attorney's fees assessed by the court below; fourth, that the court erred in rendering judgment in favor of the appellee and against the appellants for attorney's fees of eighty-five dollars; fifth, the damages assessed by the court below are excessive; sixth, the damages assessed and judgment of the court exceed the demand in the complaint; seventh, for the foregoing, as well as other errors appearing upon the face of the record, the appellants severally ask a reversal of the judgment, etc.

The questions relating to the want of jurisdiction of the Henry Circuit Court are predicated on the grounds that the change of venue was granted on an affidavit of Baker alone, and was granted before the issues in the cause were completed by the filing of a reply. This is the first time in the progress of the cause that any objection to the time or manner of the change of venue has been made by any one, and the grounds of objection to the change, if there were any, are not shown by any bill of exceptions. In fact no objection of any kind appears to have been made. Turner could not make the objection to the change, as he applied for it on his own affidavit. The other defendants did not object, if they could have done so.

While it may be assigned as error that the complaint does not state facts sufficient to constitute a cause of action, without any demurrer having been filed and overruled in the court below, we think the third assignment in this case cannot be sustained. It does not allege that the facts stated do not constitute a cause of action, but only that the complaint does not state facts sufficient to constitute a demand for

attorney's fees assessed by the court.  A demurrer assigning such a cause would not be well taken.  The proper mode of getting an objection upon the record, if the complaint did not sufficiently state the claim for the attorney's fees, was to object to the introduction of evidence in support of that part of the plaintiff's cause of action.

As to the amount of the judgment, it is sufficient to state that the judgment was rendered upon a default of the defendants and a trial of the issues by the court, and that there has been no motion for a new trial, to set aside the default, or to correct the amount of the judgment made in the circuit court.  *Walpole* v. *West's Adm'r*, 18 Ind. 81.

It appears that the judgment is for a small sum in excess of the amount mentioned in the *ad damnum* of the complaint.  This was amendable in the circuit court, and is not an available objection here.  *Barnes* v. *Smith*, 34 Ind. 516, and cases there cited.

The judgment is affirmed, with eight per cent. damages and costs.

*B. F. Love* and *B. F. Davis*, for appellants.

*W. R. Hough*, for appellee.