## HUTTS v. HUTTS.

SUPREME COURT.—*Striking out Pleading.*—*Bill of Exceptions.*—The Supreme Court will hardly ever reverse a judgment because of the refusal of the court below to strike out irrelevant matter from a pleading; and to present such question on appeal, it must be reserved by bill of exceptions.

SLANDER.—*Words.*—Complaint for slander, alleging that the defendant had said that the plaintiff "had a roll of money," at a certain place, "a short time after the death of my father; and this was the money that he" (plaintiff meaning) "robbed my father of."

*Held*, that the words were actionable *per se.*

SAME.—*Complaint.*—In a complaint for slander, it is not necessary to allege that the words were spoken in the presence and hearing of any person.

BILL OF EXCEPTIONS.—*Refusal to Suppress Deposition.*—The refusal of the court to suppress a deposition cannot be made available as error, if the question be not reserved by bill of exceptions.

EVIDENCE.—*Slander.*—*Mitigation.*—On the trial of such action for slander, it was not error to refuse to permit the defendant to introduce in evidence the papers and entries of record in a former suit by him as administrator of his father's estate against the plaintiff, for the purpose of showing that, if the words charged were spoken, they were spoken when the defendant was engaged in duties as administrator, in trying to get the property of which the deceased was the owner, for the purpose of mitigating the damages and to rebut the presumption of malice in the defendant and to show malice on the part of the plaintiff.

VENUE.—*Change from Judge.*—*Practice.*—Upon an application for a change of venue from the judge because he was a material witness in the cause, he appointed another judge to try the cause, who failed to attend, and the judge of the court in which the cause was pending appointed still another judge, who appeared and tried the cause.

*Held*, that there was no error in such second appointment.

SAME.—*Time of Trial.*—The judge granting such change did not fix the time for the trial within sixty days, but allowed more than that time.

*Held*, that this was not error.

From the Fountain Circuit Court.

*J. Ristine, G. McWilliams, J. McCabe* and *W. C. Wilson,* for appellant.

*Tipton & Miller, Wood & Dochterman* and *D. W. Voorhees,* for appellee.

DOWNEY, J.—This action was brought by the appellee against the appellant for slander, and there was judgment for the plaintiff. The defendant appeals, and has assigned sixteen alleged errors, most of which are, however, only reasons for a new trial. Out of the number, we select the following as proper assignments:

1. Refusing to strike out certain words in the second, third and fourth paragraphs of the complaint.

2. Overruling the defendant's demurrer to the first, second, third and fourth paragraphs of the complaint.

3. Changing the venue of the cause from the judge of the Fountain Circuit Court.

4. Overruling the defendant's motion in arrest of judgment.

5. Refusing to grant a new trial on the motion of the defendant.

Error cannot be assigned upon the first ground, for the reason that the question was not reserved by bill of exceptions. This court will hardly ever reverse a judgment because the court below has refused to strike out irrelevant matter from a pleading. *The Terre Haute, etc., R. R. Co.* v. *Graham,* 46 Ind. 239; *Lancaster* v. *Gould,* 46 Ind. 397.

There was a separate demurrer to each paragraph of the complaint, of which there are five.

The words alleged to have been spoken in the first paragraph of the complaint are the following:

"Giles" (plaintiff meaning) "had a roll of money, in Covington, a short time after the death of my father; and this was the money that he" (plaintiff meaning) "robbed my father of" (meaning thereby to charge this plaintiff with the crime of robbery).

It is urged that the words are not actionable *per se*, and that, as there are no allegations of prefatory matter making them actionable, this paragraph of the complaint is not sufficient. We think the words are actionable *per se*. A legal writer, of good standing, says:

"The *prima facie* meaning of robbed is to impute a crime, an unlawful taking." Townshend Slander, etc., 194. The same was decided in *Day* v. *Robinson*, 1 A. & E. 554; and see *Jones* v. *Chapman*, 5 Blackf. 88.

Objection is made to the third, fourth and fifth paragraphs, on the ground that they do not allege that the words were spoken in the presence and hearing of any person. This point is against the appellant. 2 G. & H. 110, sec. 86; and see *Guard* v. *Risk*, 11 Ind. 156.

Under the alleged error in overruling the appellant's motion for a new trial, it is claimed that there was error in refusing to suppress a certain deposition. But the question was not reserved by bill of exceptions, and, very clearly, is not properly in the record.

It is insisted that the court erred in rejecting the papers and entries of record in a suit by the defendant as administrator of the estate of his father against the plaintiff, previously brought and tried, as the motion says, to show in mitigation of damages, that if the words were spoken, they were spoken while he was engaged in duties as administrator, in trying to get the property of which the deceased was the owner, for the purpose of mitigating and reducing the damages, to rebut the presumption of malice in the defendant, and to show malice on the part of the plaintiff. No authority is shown holding this evidence proper, and we know of

none. Conceding that the appellant was administrator of his father's estate, and that he was in litigation with his brother, the appellee, about the assets of the estate, still we cannot see that all this was any reason why he should falsely and maliciously charge his brother with crime, or any mitigation of the wrong in making the charge. Had the plaintiff sued the defendant, and had the defendant used the words on that account, there might have been more ground for holding that fact admissible in mitigation than this. Here the defendant had sued the plaintiff, and now seeks to use that fact in mitigation of his own slander. We cannot think there was any error in excluding this evidence.

The facts relating to the change of venue are these: An affidavit was filed by the defendant, alleging that the judge, Hon. Thomas F. Davidson, was a material witness in the cause, and asking a change of the venue, which was ordered, and Judge Pollard was appointed to try the cause. The last named judge failed to attend, and Judge Davidson appointed Judge Thomas, who appeared and tried the cause. The error complained of is the changing of the venue. Counsel apparently forget that the change of venue was granted upon the application of their own client. See *Baker* v. *Simmons*, 40 Ind. 442. They discuss questions relating to alleged irregularities in the appointment by Judge Davidson of another judge to hold the court after the change was ordered, and these only under a motion in arrest of the judgment. But the objections are: 1. That the judge granting the change should have fixed the time for the trial "within sixty days," and he allowed more than that time. The statute says, "not less than sixty days." 2 G. & H. 155, sec. 208. 2. It is urged that Judge Pollard, and not Judge Davidson, should have called Judge Thomas to try the cause.

There is nothing in this objection, as has been several times decided. *Cincinnati, etc., R. R. Co.* v. *Rowe*, 17 Ind. 568; *Glenn* v. *The State*, 46 Ind. 368, and cases cited.

The motion in arrest of judgment presents no question not already decided.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.