Fassinow *v.* The State.

10,910.

FASSINOW *v.* THE STATE.

JUDGE.—*Appointment Pro Tem.*—On the first day of the term a judge *pro tem.*, duly appointed, held the court. On the second day another judge *pro tem.*, appointed on that day, appeared and held the court, and did so for several days, the record during those days being silent as to the one first appointed. *Semble,* the second appointee had due authority:

INTOXICATING LIQUOR.—*Gift on Sunday.*—*Evidence.*—*Witness.*—*Cross-Examination.*—Prosecution against a bartender at a drinking shop, for giving away liquors on Sunday in violation of section 2098, R. S. 1881. As a witness for himself the accused testified that he had orders from his employers, which he obeyed, not to do the thing charged.

*Held,* that he might be asked on cross-examination whether he had not done the same thing on other Sundays.

CRIMINAL LAW.—*Reasonable Doubt.—Jury.—Duty.—Instructions.*—Each juror should act for himself upon his individual convictions, and if, in a criminal case, he have a reasonable doubt of the defendant's guilt, he should not convict, but his doubts should not control the action of other jurors, and an instruction to that effect is proper.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellant.

*F. T. Hord,* Attorney General, *R. Gregory,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ZOLLARS, J.—Appellant was indicted, tried and convicted on a charge of giving away, on Sunday, spirituous liquors to be drunk as a beverage, in violation of section 2098, R. S. 1881. The record shows that Judge Gould, the regular judge, being unable to preside at a part of the March term, 1883, of the court, appointed Judge Vinton to hold the court, until such time as the regular judge should be able to preside. This appointment was in writing, and was dated on the 17th day of March, 1883. On the 19th day of March, that being the first day of the term, Judge Vinton presented his written appointment, and it was properly recorded. On the second day of the term, being the 20th day of March, Hon. Robt. C. Gregory presented a written appointment as judge *pro tempore* of the court, which, with the proper oath, was properly recorded. This

appointment was signed by Judge Gould and dated the 20th day of March. It is stated therein that Judge Gould was unable to preside at and during a part of the term, and that Hon. Robt. C. Gregory was appointed to preside, with full power to hear all cases, until such time as Judge Gould could attend and preside. On the ninth day of the term this cause was called for trial, when appellant objected "to the jurisdiction of the court over the person of the defendant, and the subject-matter," for the reason that Judge Vinton had been appointed, and held the first day of the term of the court. No exception seems to have been taken to the overruling of this objection. After verdict, appellant moved for a new trial. The sixth reason is that "the court had no jurisdiction over the person or cause." This motion was overruled, and appellant excepted. He then moved in arrest of judgment. The motion was overruled, and he excepted. These two rulings are the only errors assigned in this court. The argument of appellant's counsel is confined to the questions of the regularity and validity of the appointment of the Hon. Robt. C. Gregory, and to alleged errors of the trial court in allowing certain questions to be propounded to appellant on cross-examination, and the giving of an instruction by the court. We think that the first question is not properly presented by the record. We may say, however, that under the decisions in the cases of *State, ex rel., v. Murdock,* 86 Ind. 124, *Zonker v. Cowan,* 84 Ind. 395, *Feigel v. State,* 85 Ind. 580, and *Bowlus v. Brier,* 87 Ind. 391, Judge Gould, being unable to attend and hold his court, had power to appoint a judge *pro tempore.* The record being silent upon the point we must presume that Judge Vinton was unable to attend and preside longer than the first day of the term. Such being the case, Judge Gould clearly had authority to appoint the Hon. Robt. C. Gregory, and the court did not lose jurisdiction of the person of the defendant or the subject-matter of the action. *Hutts v. Hutts,* 51 Ind. 581; *Glenn v. State, ex rel.,* 46 Ind. 368; *Singleton v. Pidgeon,* 21 Ind. 118; *Cincinnati, etc., R. R. Co. v. Rowe,* 17 Ind. 568.

Fassinow v. The State.

The evidence shows that appellant was a bartender for the proprietors of a saloon in Monticello, White county. In his examination in chief he testified, substantially, that he had orders from his principals not to keep the saloon open, or sell or give away spirituous liquors, on Sunday, and that he had obeyed such orders. On cross-examination he was asked in several questions, substantially, if he had not, on Sundays other than the one named in the indictment, let parties in the saloon who got drinks. To these questions he objected, on the ground that they were not proper on cross-examination, and were irrelevant, improper and unlawful. We think that the questions were proper on cross-examination. It is said in argument that these questions were improper, because the State had no right, in the support of the charge in the indictment, to prove other offences. The record does not show that they were asked for this purpose, and appellant did not object to them upon this ground. If he wished to avoid such questions, he should not have gone into the subject himself, in his testimony in chief; and, besides, his answers were not such as to do him serious injury.

The following instruction, given by the court, is complained of by appellant: " Each juror acts for himself in coming to a conclusion, and acts on his own convictions; and, although it is true that in case any one of the jurors entertains a reasonable doubt as to the guilt of the defendant, he ought not to find the defendant guilty, yet such doubt in the mind of one or more of the jurors ought not to control the action of the other jurors, so as to compel them to give a verdict of acquittal."

The objection urged against this instruction is, that, upon request of appellant, proper instructions upon the question of reasonable doubt had been given, and that those set out should not have been given, for the reason that the jury were told therein that if a part of them believed the defendant guilty, and others believed him not guilty, there could be no verdict. We are unable to see any objection to the instruc-

tion, and think there was no error in giving it. It clearly comes within the rule laid down in the case of *Castle* v. *State,* 75 Ind. 146.

As we find no available error in the record, the judgment of the court below is affirmed, at the costs of appellant.