No. 10,776.

NEWMAN v. HAZELRIGG.

CHANGE OF VENUE.—*Presumption of Consent.*—An applicant for a change of venue filed affidavits that he could not have an impartial trial in the county, and that many of the witnesses lived in C. county, in an adjoining circuit; whereupon the other party filed an affidavit showing that he could not have a fair trial in that county, and thereupon the venue was without objection changed to another county, not in an adjoining circuit.

*Held,* that it would be presumed that the cause was sent to that county by agreement, and, therefore, objection to proceeding in that court should be overruled.

EVIDENCE.—*Admissions.—Instructions.*—An instruction to the effect that evidence of oral admissions should be scrutinized closely because of the possibility that the party might not have expressed himself clearly, and that the witness might not hear or repeat correctly, is erroneous.

From the Carroll Circuit Court.

*J. Mitchell, H. J. Shirk* and *M. Winfield,* for appellant.

*J. Applegate, R. C. Pollard, D. D. Dykeman, J. L. Farrar, J. Farrar* and *W. C. Farrar,* for appellee.

ELLIOTT, C. J.—The appellant applied for a change of venue, and the cause was sent from the Miami Circuit Court to the Carroll Circuit Court for trial.    The record shows that the appellant filed two affidavits, one that he could not have an impartial trial in the county of Miami, and another that many of the witnesses lived in Cass county.   The appellee filed an affidavit showing that she could not have an impartial trial in the latter county, and thereupon the court directed that the cause be sent to Carroll county.   No objection was made to the order directing that the cause be sent to the county last named, nor does it appear that the parties did not agree that it should be sent to that county.   On the first day of the term of the Carroll Circuit Court following the order of the Miami Circuit Court, the appellant entered a special appearance, and moved that the cause be remanded to the Miami Circuit Court, and upon the entry of an order over-ruling this motion filed a plea in abatement.

The position of the appellant is that the statute requires that in cases where a change of venue is taken the cause shall be sent to a county in the same circuit, or to a county in an adjoining circuit, and that as Carroll county is not in the same circuit with Miami, nor in an adjoining one, the court below erred in assuming jurisdiction of the cause.   R. S. 1881, sec. 412.   We do not think that we are required to give a construction to the statute, because we are of the opinion that as the question is presented we must presume that the cause was sent to the county of Carroll by consent of the parties.   There was no objection or exception to the order at the time it was made, and from this and the fact that the record affirmatively shows that there was an attempt on one side to have the cause go to Cass county and an objection on the other, it may be fairly presumed that the parties consented that it should

go to Carroll county.  The general rule that presumptions will be made to support the proceedings of a court of general jurisdiction has been repeated a great number of times in our decisions, and surely the condition of this record is such as to make it peculiarly appropriate to apply the rule to the present case.  Powell Appellate Proc. 193; *Shirts* v. *Irons,* 47 Ind. 445; *Hutts* v. *Hutts,* 51 Ind. 581; *Baker* v. *Simmons,* 40 Ind. 442.

The tenth instruction given by the court reads as follows:

" 10.  In regard to admissions claimed to have been made by the parties in interest, I instruct you that it is your duty to consider evidence of verbal admissions with caution.  There are possibilities of mistake in such evidence in several particulars.  The party who is claimed to make such admissions may not have expressed‚ himself definitely and clearly; the party testifying to such admissions may not have heard accurately; he may not have remembered correctly, or he may not state clearly the words spoken or matters admitted, when called to do so during a judicial inquiry.  There are these several possibilities of mistake, yet, if the party making the admissions expressed himself clearly, is heard correctly, and the statement remembered and correctly re-stated in evidence, such evidence may be as clear and convincing as any that can be given; yet, by reason of these possible infirmities of tongue, and ear, and memory, and expression, it is necessary that you carefully scrutinize the evidence of verbal admissions, in order that you may determine whether it is reliable and credible or not."

On the authority of the cases of *Finch* v. *Bergins,* 89 Ind. 360, *Garfield* v. *State,* 74 Ind. 60, and *Davis* v. *Hardy,* 76 Ind. 272, this instruction must be deemed erroneous.  For the error in giving this instruction the judgment is reversed.

Filed June 3, 1884.