—————o—————

## WADDLE *v.* HARBECK.

33  231
156   33

PLEADING.—*Parties.*—*Set-Off.*—*Promissory Note.*—Suit on a note by the payee against the maker. Answer, that the note was given in consideration of the sale of a certain number of sheep purchased by the defendant of a third person named, and for no other consideration; that it was made payable to the plaintiff at the request of said third person, who *represented* that he desired it made payable to the plaintiff for the purpose of enabling him to place it in the plaintiff's hands as his agent for collection, and for no other purpose; that at the time the note was given, said third person was indebted to the defendant in a certain sum, of which a bill of particulars was annexed; and the defendant offered to set off said indebtedness against the note.

*Held,* that the answer was bad, for the reason that it did not allege that the plaintiff was not the owner of the note in his own right, or that said third person had any right thereto or beneficial interest therein.

SAME.—*Trustee.*—*Suit by.*—In a suit by a trustee, the defendant may set off a debt due him from the *cestui que trust.*

SAME.—Suit on a note by the payee against the maker. Answer, by way of set-off, that the plaintiff was not the owner of the note and had no interest in it, but was merely the agent of a third person named, who procured the note to be made payable to the plaintiff, to enable the latter to collect it as such agent, and for no other reason; that the note was given for certain articles sold to the defendant by said third person; that at its date said third person was indebted and still continued to be indebted to defendant for goods sold and delivered by the latter to the former, of which a bill of particu-

lars was filed, amounting to a certain sum, less than the amount of the note; that, by agreement of the parties, said note was made payable to the plaintiff for the purpose of enabling him to settle the same and receive from the defendant the excess over the amount of said indebtedness, which it was agreed, when the note was made and delivered, should be applied in part payment of the note.

*Held,* that the answer, if true, made the plaintiff a trustee of an express trust, under the statute, and capable of maintaining the action in his own name.

*Held,* also, that the answer was good on demurrer.

APPEAL from the Porter Common Pleas.

ELLIOTT, J.—Suit by Anna Harbeck against Waddle, the appellant, on a promissory note executed by the latter to the former, on the 11th of December, 1867, for three hundred and forty dollars, payable twelve months after date, with interest at the rate of ten per cent.

The appellant filed an answer consisting of seven paragraphs. The first was a denial of the cause of action. The others were special defenses, to which a demurrer was sustained by the court, and the appellant excepted.

The cause was tried by the court, a jury being waived. Finding and judgment for the plaintiff for the amount of the note and interest.

The ruling of the court on the demurrer to the second, third, fourth, fifth, sixth, and seventh paragraphs of the answer, presents the only questions made in this court.

The second paragraph alleges, that the note sued on was given in consideration of the sale of one hundred and fifty sheep purchased by the appellant of one Carson Harbeck, and for no other consideration whatever, that it was made payable to the plaintiff at the request of said Carson Harbeck, who represented that he desired it made payable to the plaintiff for the purpose merely of enabling him to place it in her hands as his agent for collection, and for no other purpose; that at the time the note was given, said Carson Harbeck was indebted to the appellant in a large sum, to wit, five hundred dollars, a bill of particulars of which is made a part of the paragraph. It also contains an

offer to set off so much of said indebtedness as is necessary to pay the note.

The paragraph is bad, for the reason that it does not allege that the plaintiff is not the owner of the note in her own right, or that Carson Harbeck has any right thereto, or beneficial interest therein. If Carson Harbeck was indebted to the plaintiff, and had the note made payable to her in satisfaction of such indebtedness, she would be the *bona fide* holder of it in her own right, and the appellant could not set off against it any indebtedness held by him against Carson Harbeck. If the plaintiff was not the beneficial owner of the note, but held it merely in trust or as the agent of Carson Harbeck, those facts should be clearly averred. The averment in the paragraph, that Carson Harbeck represented that he desired the note made payable to the plaintiff to enable her to collect it as his agent, is not sufficient.

It is alleged in the third paragraph, that the plaintiff is not the owner of the note, nor has she any interest in it; that she is merely the agent of Carson Harbeck, who procured the note to be made payable to her to enable her to collect it as his agent, and for no other reason; that the note was given for two hundred sheep, sold to the appellant by said Carson Harbeck; that at the date of the note said Carson was and still is indebted to the defendant for goods and chattels sold and delivered by him to said Carson, a bill of particulars of which is filed herewith; that said note, by agreement of the parties, was made payable to said plaintiff for the purpose of enabling her to settle the same, and receive from the defendant the excess over and above the amount which the said Carson then owed and still owes the defendant (the amount claimed by the bill of particulars being two hundred and fifty-eight dollars and sixty-nine cents); "and it was agreed at the date of said note and when the same was delivered that said indebtedness should be applied in part payment thereof;" wherefore, he offers to set off said indebtedness against said note.

This paragraph alleges with sufficient certainty that the

note was made payable to the plaintiff in trust and for the use and benefit of Carson Harbeck, and that the plaintiff had no beneficial interest in it. It is not an answer in abatement, but is pleaded as a set-off. Its averments, if true, make the plaintiff, under the statute, the trustee of an express trust, and as such she is authorized to maintain the action in her own name. 2 G. & H. 37, sec. 4. The material question arising upon the paragraph is, whether, in a suit brought by a trustee, the defendant may set off a debt due him from the *cestui que trust.* The authorities on the question are not uniform, but the better opinion seems to be that the set-off in such a case may be made. See 2 Parsons on Con. 250, 251, and notes. The revision of 1843, contained a provision expressly authorizing a set-off in such cases, against the beneficiary. Code of 1843, p. 709. Our present code does not contain such a provision, but the provision in the statute of 1843 was enacted under the common law rule requiring all actions at law to be brought in the name of the party holding the legal right. The practice is different under the present code, which, as a general rule, requires all actions to be prosecuted in the name of the real party in interest. The fourth section, referred to above, enumerates certain exceptions to the rule, amongst which is a trustee of an express trust, who is authorized to sue in his own name without joining with him the person for whose benefit the action is prosecuted. The present practice is substantially the same as the chancery practice, and regards the substantial rights and equities of the parties, rather than technical rules and forms. Here, if the facts alleged in the paragraph be true, Carson Harbeck, being the real party in interest, might maintain an action on the note in his own name, and in such a suit there would be no question of the appellant's right of set-off. In a suit by a trustee who sues for the use or benefit of another, a debt due the defendant by the trustee personally cannot be set off. *Flournoy* v. *The City of Jeffersonville*, 17 Ind. 169. The reason is, that the trustee has no beneficial interest in the

cause of action. The reason for excluding the set-off against the trustee would make it admissible when the debt is due from the beneficiary, "the real party in interest." The right of set-off in such a case is clearly recognized in *Jones* v. *Hawkins,* 17 Ind. 550.

We think the paragraph was good, and the demurrer to it should have been overruled.

The fourth paragraph sets up an agreement between the appellant and Carson Harbeck, made at the execution of the note, that the amount of the alleged indebtedness of said Carson to the appellant should be allowed against so much of the note in the final settlement thereof. The paragraph is bad for the same reason as the second, if for no other.

The fifth paragraph simply alleges that the plaintiff has no interest in the suit, and that the assignment of the note to her by Carson Harbeck was without any consideration whatever. It is too radically defective as an answer to justify comment.

The sufficiency of the sixth paragraph is not urged by the appellant, and we need not notice it in this opinion.

The seventh paragraph alleges, that the note mentioned in the complaint was delivered to Carson Harbeck, and was executed in consideration of the sale and delivery to the appellant by said Carson, of one hundred and fifty sheep, at two dollars per head, and some hay and fodder, amounting to forty dollars, and for no other consideration; that when the note was given it was intended to be a final settlement of all unsettled matters between them, except a team of horses and four head of cattle, before that sold and delivered by the appellant to said Carson, at the sum of three hundred and seventy dollars; "that there was a mistake in said settlement, in this, that the settlement was based on the supposition that the mutual accounts theretofore existing between said Carson and the defendant were about even, except the value of the team of horses and four cattle, when, in fact, said Carson. was then largely indebted to the defendant, as appears by reference to a bill of partic-

ulars filed herewith; that if he had known of said mistake at the time, he would not have executed the note; that there would in fact have been nothing due said Carson;" that the note was delivered by said Carson to the plaintiff before the appellant was aware of said mistake; that said Carson so delivered the note to the plaintiff to cheat and defraud the appellant, and then fled the jurisdiction of the court, leaving no property in the State subject to execution. Prayer, that the mistake be corrected, and that "the same be deducted and set off against said note," &c.

It is somewhat difficult to determine the character of the defense designed by the pleader to be set up in this paragraph. It certainly cannot be sustained as a set-off. It does not contain the proper averments of an indebtedness by Carson Harbeck to the appellant, for that purpose. Besides, it fails to show that said Carson had any interest whatever in the note sued on. It is equally defective as a plea of failure of the consideration, in whole or in part; for it expressly alleges that the note was given in consideration of sheep, hay and fodder, sold and delivered by said Carson to the appellant, the value of which was just equal to the amount of the note, and for no other consideration whatever; thus excluding the idea that it was given for the balance found due upon a settlement of the mutual accounts between the parties in which there was a material mistake made against the appellant, as alleged. And it will be observed that it is not averred that such a mistake was made either by an error in the calculations or by the omission of certain items of account due the appellant. It is true, that after the averment that the note was given for the sheep, hay, and fodder, and for no other consideration whatever, it is alleged that when the note was given, it was intended to be a final settlement of all accounts between the parties, except certain horses and cattle, and that such settlement was based on the supposition that their other mutual accounts were about even, but that in truth said Carson was largely indebted to the appellant on a proper

settlement of such accounts; but this does not affect the admitted consideration of the note.

Indeed, if the parties, without an examination and casting up of their mutual accounts, to ascertain just how they stood, or in whose favor the balance might fall, mutually agreed, as a basis of settlement, that they should be considered as equal, and made the settlement accordingly, it is not perceived why such settlement would not be binding. But if otherwise, it must be because such an agreement did not amount to a valid settlement, which would still leave the note supported by the consideration admitted in the paragraph.

The paragraph, in any view that can be taken of it, is clearly bad, and the demurrer to it was properly sustained.

The judgment is reversed, with costs, for the error of the court in sustaining the demurrer to the third paragraph of the answer, and the cause remanded with directions to the court below to overrule the demurrer to that paragraph, and for further proceedings.

*T. J. Merrifield* and *W. H. Calkins*, for appellant.

*S. I. Anthony, F. Church, S. E. Perkins, O. F. Baker,* and *S. E. Perkins, Jr.,* for appellee.