SPAFFORD v. THE FIRST NAT. BANK OF TAMA CITY *et al.*

**National banks: RIGHT TO TAKE CHATTEL MORTGAGE.** A national bank has a right to take a chattel mortgage for the purpose of securing a previously contracted debt, and to enforce the same.

*Appeal from Tama District Court.*

· WEDNESDAY, OCTOBER 8.

THE facts of this case are numerous and extended. It is not necessary to state them in detail. The plaintiff avers that Warren was owner of a private bank, called the Tama County Bank, with which the plaintiff done business for a year or more, prior to September 30, 1871; that loans had been made to and overdrafts allowed him at usurious rates, and thereby, at said date, he owed said bank $7,762.05; that $5,000 was due by note and the balance on account; that at said date the First National Bank of Tama city, a corporation under the laws of congress, with a capital of $50,000, and in which Warren was cashier and principal stockholder, was organized and commenced business; that on said date, the business of the said Tama County Bank was transferred to the national bank, and, also, by agreement between plaintiff and Warren, cashier, the said claim, including usury, was transferred to said national bank, and plaintiff executed to said national bank two notes for the $5,000 note, one for $3,000 and the other for $2,000, and at the same time, also, executed a chattel mortgage to said bank, on the stock of goods in controversy, to secure said $3,000 note; that the balance of said claim was simply transferred from the books of one bank to the books of the other; that plaintiff afterward continued to do business with the national bank, up to the 17th day of February, 1872; and that said national bank, by agreement with the plaintiff, and contrary to the law of its organization, also received and charged usurious interest on loans to, and on drafts by, plaintiff up to said last date, when on settlement and by including

all said usury, it was found that the plaintiff owed said national bank $9,000, and for which plaintiff executed his five several notes, and also executed a chattel mortgage on the stock of goods in controversy, to secure them; that not more than $50 of said sum was due defendant, after excluding usury, which sum plaintiff had offered in writing to pay and it was refused; that defendant, the bank, had seized the stock of goods and was about to sell them under the mortgage.   Plaintiff asked an injunction against the sale of the goods; that the mortgage be declared null and void, and for an accounting, etc. A temporary injunction was allowed.

The defendants for answer, deny *in toto* the usury, the transfer of the business of one bank to the other, the transfer of plaintiff's account as stated, and admitted, substantially, all the other averments of the petition; and also averred that the national bank loaned to plaintiff, on the date named, September 30, 1871, the $5,000 evidenced by the two notes, and the $2,762.05, stated as being in a book account.

On these pleadings, the plaintiff moved for judgment, as prayed for in the petition, because it appeared from the pleadings that the chattel mortgage was taken in violation of the act of congress under which the defendant, the national bank, was organized.   This motion was overruled; and the plaintiff appeals.

*G. R. Struble* and *Applegate & Kinne* for the appellant.

*Siivers & Safely* and *Harmon & Mills* for the appellees.

Cole, J. — The only ground assigned in the motion is that the mortgage was taken in violation of the law of congress entitled, " An act to provide a national currency," etc.   We can properly only consider and determine the questions made to and passed upon by the district court. *Latterrett* v. *Cook*, 1 Iowa, 1, and cases cited.   Whether such a motion as was made in this case can properly, under Revision, section 3138, be made and entertained at the stage of the case when it was done and

before a trial, we do not decide; but conceding it properly made, we dispose of the question upon its merits.

From the pleadings it is apparent that the indebtedness secured by the mortgage was contracted to the national bank on and after September 30, 1871, and prior to the mortgage, February 17, 1872. The fact that a part of the debt, the note for $3,000, was secured by a chattel mortgage contemporaneous with its creation to the bank, can have no hearing here, since that security has been canceled and surrendered. If its invalidity be granted, such invalidity would not follow the debt, which was in no manner tainted by it, into the new security subsequently acquired.

Conceding, as we do, that the national bank, defendant, "being the mere creature of the law, possesses only those properties which the charter of its creation confers.upon it" (*Dartmouth College* v. *Woodward*, 4 Wheat. 464), and conceding as we may (but without deciding it), that the second subdivision of section 28 of the national bank act, to wit: "*Second :* Such as shall be mortgaged to it in good faith by way of security for debts previously contracted," relates only to real estate; yet there being no express prohibition we hold the mortgage valid and that the authority in the bank to take, hold and enforce it, for a previously contracted debt, exists under the implied power to protect itself from loss, save its property and securities from sacrifice, and successfully to execute the purposes of its creation. We thus hold, both upon principle and authority, as we think; and this too, without calling in aid of the same conclusion, the express grant to such corporations of the same right as natural persons "to make contracts, sue and be sued," contained in section 8 of the act. *The First National Bank* v. *Haire*, 36 Iowa, 443.

Affirmed.