Wolcott *et al. v.* Standley.

---

## Wolcott et al. v. Standley.

Parties. — *Action by Trustee of Express Trust.* — *Pleading.* — *Promissory Note.* — In an action by A., as the president of a certain corporation, on a promissory note executed to A., " Pres.," the complaint alleged that the plaintiff brought the action as the president, and for the benefit, of a firm composed of A., B., C., D. and E.

*Held,* on demurrer, that the facts alleged show A. to be the trustee of an express trust, and that the other parties named are not necessary parties. plaintiffs.

From the Pulaski Circuit Court.

*D. D. Dykeman* and *D. P. Baldwin,* for appellants.

*D. C. Justice* and *M. Winfield,* for appellee.

BIDDLE, J.—This suit was originally brought in the Cass Circuit Court, by " William H. Standley, as president of the People's Bank of Logansport, Indiana, a firm comprised of William H. Standley, William H. Whitesides, Josephus Atkinson, Joseph Uhl, and E. R. Thompson, a firm doing a general banking business, who sues as president of said bank and for the benefit of the firm," upon a promissory note made by the appellants, payable to the order of the appellee by the name and style of " W. H. Standley, Pres."

A demurrer to the complaint, alleging as grounds—

1. A defect of parties, in not making William H. Whitesides, Josephus Atkinson, Joseph Uhl and E. R. Thompson parties as plaintiffs;

2. That the plaintiff has not the capacity to sue; and,

3. That the complaint does not state facts sufficient to constitute a cause of action, was overruled, and exceptions reserved.

Anson Wolcott answered in a first paragraph, setting up the same defect of parties as that stated in the first ground of demurrer. To this paragraph of answer a demurrer, upon the ground that the facts therein alleged "do not constitute a sufficient defence," was sustained, and exceptions reserved.

Other pleadings were had, and issues of law and fact joined, but we do not notice them any further, as no question has been raised in the record, except upon those above stated.

The venue was changed to the Pulaski Circuit Court, wherein a trial by the court, and a finding in favor of the appellee, were had, and judgment rendered accordingly.

The errors assigned in this court are:

1. Overruling the demurrer to the complaint;

2. Sustaining the demurrer to the first paragraph of Anson Wolcott's answer; and these rulings present the only questions reserved in the record.

The only objection alleged against the complaint is, that William H. Whitesides, Josephus Atkinson, Joseph Uhl and E. R. Thompson were not made plaintiffs in the action ; but we are of the opinion that the objection is not well taken.    They were not necessary parties.

The complaint shows upon its face, that Wlliiam H. Standley was a trustee of an express trust for their benefit; he could therefore sue without joining them as plaintiffs. 2 R. S. 1876, p. 34, sec. 4 ;  Dix v. Akers, 30 Ind. 431 ;  Waddle v. Harbeck, 33 Ind. 231 ;  Heavenridge v. Mondy, 34 Ind. 28 ;  Musselman v. Cravens, 47 Ind. 1.

For these reasons, no error was committed in overruling the demurrer to the complaint, and for the same reasons none was committed in sustaining the demurrer to the first paragraph of Anson Wolcott's answer.

The judgment is affirmed, at the costs of the appellants, with five per cent. damages.