Heath *et al. v.* The Second National Bank of Lafayette.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at May term, 1880.

----

Heath et al. *v.* The Second National Bank of Lafayette.

National Bank.—*Power of to purchase Mortgaged Land at Sheriff's Sale.*—Under section 5137, Rev. Stat U. S., p. 999, a national bank may purchase, at sheriff's sale, land mortgaged to it in good faith, as security for a debt previously contracted.

From the Tippecanoe Circuit Court.

*R. C. Gregory* and *W. B. Gregory*, for appellants.

*J. M. Larue* and *F. B. Everett*, for appellee.

SCOTT, J.—Hull sued Mary Heath, the appellant, on a note and mortgage, in the superior court of Tippecanoe County. The appellee, the Second National Bank, and others were made parties to the foreclosure, as junior incumbrancers. Judgment was obtained by Hull, against Mary Heath, on the note, and a decree was rendered on the foreclosure, against the other defendants. The debt of the Bank, the appellee in this case, was found and adjudged to be a second lien on the real estate described in the decree of foreclosure; and the decree provided that the property should be sold, and the proceeds of the sale be first applied to the payment of Hull's judgment, and the surplus be applied to the payment of the debt of the Bank. The land was sold on this decree, and bought by the Bank. A certificate of purchase was issued, and at the expiration of a year, the property not having been redeemed, the sheriff made a deed to the Bank for the property.

This action was by the appellee, against the appellants, for the possession of the property. The complaint was in the usual form. Answer, general denial. Trial by the court; finding for the appellee; motion for a new trial overruled, and exception; and judgment on the finding.

The error complained of, and assigned in this court, is the overruling of the appellants' motion for a new trial.

The counsel for the appellants have presented and argued two questions:

First. That a material part of the decree was omitted, in the certified copy issued by the clerk to the sheriff, viz.:

"Any surplus that may remain thereafter to be applied to the payment and satisfaction of the lien of the Second National Bank."

The learned counsel, when the brief was written, were laboring under a misapprehension, as to the state of the record.

The next question argued is, "that the appellee had no power, under its charter, to purchase this land, on this decree, in favor of Hull, against the appellants."

Sec. 5137 of the bank act, Revised Statutes of the United States, p. 999, provides, that,

"A national banking association may purchase, hold, and convey real estate for the following purposes, and for no others:

"First. Such as shall be necessary for its immediate accommodation in the transaction of its business.

"Second. Such as shall be mortgaged to it in good faith by way of security for debts previously contracted.

"Third. Such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its dealings.

"Fourth. Such as it shall purchase at sales under judgments, decrees, or mortgages held by the association, or shall purchase to secure debts due to it."

We are of opinion that, under these provisions of this statute, the appellee had the power to purchase the property in controversy, under the decree above referred to.

The judgment is affirmed, at the costs of the appellants.

Opinion filed at November term, 1879.
Petition for a rehearing overruled at May term, 1880.