No. 8274.

## HOLMES ET AL. *v.* BOYD, CASHIER.

MORTGAGE.—*Foreclosure.*— *Parties.*— *Trust and Trustee.*—*Endorser and Endorsee.*—Where a note secured by mortgage is purchased by a bank, and endorsed to its cashier, he is trustee of an express trust, and may sue to foreclose in his own name, under the code.

SAME.—*National Banks.*—*May Purchase Mortgage on Real Estate to Protect Junior Lien.*—A national bank, lawfully holding a mortgage on real estate, may, to protect its interests, purchase a prior mortgage on the same real estate.

SAME.—*Contract.*—*Promissory Note.*—*Forbearance to Sue.*—*Payment of Interest.* —*Consideration.*—An agreement not to sue upon a promissory note which is due, in consideration of the payment at the end of each year of interest not exceeding the rate provided for by the note, such agreement to pay being made not by the maker of the note but by one who has purchased real estate mortgaged to secure it, is without consideration, and will not bar a suit to foreclose, nor is it admissible in evidence in such suit.

From the Boone Circuit Court.

*P. H. Dutch, —— Davidson, —— Baker, J. W. Clements, O. P. Mahan, H. N. Spaan* and *F. Heiner,* for appellants.

*G. W. Chapman* and *U. J. Hammond,* for appellee.

NIBLACK, C. J.—Action by John M. Boyd, cashier of the First National Bank of Thorntown, for the use and benefit of that bank, against Ira N. Holmes and Amanda D. Holmes, his wife, Patrick H. Dutch and Mary A. Dutch, his wife, and Charles A. Dryer, assignee in bankruptcy of the said Ira N. Holmes, and commenced on the 3d day of December, 1878. The complaint alleged that on the 1st day of January, 1869, the said Ira N. Holmes executed to one Armstrong Ross, his promissory note for $3,000, payable on or before the 1st day of January, 1870, without relief from valuation laws, and with ten per cent. interest from date; that on the 5th day of January, 1869, the said Holmes and wife, to secure the payment of said note, executed a mortgage on certain described real estate in Boone county, which was duly recorded; that on the 12th day of December, 1877, the

said Holmes and wife executed a mortgage to the plaintiff, as such cashier, on the same lands, to secure a prior indebtedness of Holmes to the bank, in the sum of $7,000; that afterwards it became necessary, in order to protect the interests of the bank in the mortgaged lands, that the plaintiff should purchase the note and senior mortgage executed to the said Ross, as above stated, and accordingly, on the 30th day of November, 1878, he, as such cashier, purchased and received by proper assignment to him, as such, in writing, said note and mortgage from the said Ross, copies of which note, mortgage and assignments were filed with the complaint; that the said Charles A. Dryer, as such assignee in bankruptcy, and the said Patrick H. Dutch and Mary A. Dutch, all claimed to have some interest in the mortgaged lands, and were all required to answer as to their said interests. Wherefore the plaintiff demanded judgment on the note and a foreclosure of the mortgage. Payments of interest were endorsed on the copy of the note filed with the complaint up to and including January 1st, 1878. The last two endorsements of interest paid were as follows: "January 1, 1877, received $300, it being the interest up to this date on the within note."

"Received on the within $300, being the interest to this date, January 1, 1878, (of) Mary A. Dutch."

Holmes and wife and Patrick H. Dutch demurred separately to the complaint, but the complaint was held sufficient as to them. Mrs. Holmes and Patrick H. Dutch made no further defence, and Dryer made default. Holmes and Mrs. Dutch answered separately.

In her fifth paragraph of answer Mrs. Dutch pleaded in abatement that prior to the 1st day of January, 1878, she became the owner of the mortgaged lands, and then continued to be such owner; that, on the 5th day of January, 1878, she and her husband Patrick H. Dutch entered into an agreement with Armstrong Ross, who was then the owner of the note and mortgage sued on, that she should pay the interest due on the note on the first day of that month, and interest at the

rate of ten per cent. for the year 1878, to be paid on the first day of January, 1879, and interest at the rate of eight per cent. for the year 1879, to be paid January 1st, 1880; that in consideration thereof the said Ross would extend the time for the payment of said note until the 1st day of January, 1880; that thereupon she paid to the said Ross the sum of $300 in pursuance of said agreement; that upon receiving said sum of money said Ross reduced the said agreement to writing, and signed the same as follows:

"Whereas, Mary A. Dutch has bought of Ira N. Holmes a certain tract of land in Sugar Creek township, Boone county, Indiana, on which I hold a mortgage; and whereas, she has this day paid me $300 interest on said note secured by said mortgage, the same being the interest up to 1st day of January, 1878 : Now, then, if the said Mary A. Dutch shall pay me ten per cent. interest promptly, for this year, on said note and mortgage, on the 1st day of January, 1879, and 8 per cent. interest for the year 1879, payable on the 1st of January, 1880, I agree to extend the payment of said note and mortgage two years from this 1st of January, 1878, provided interest is paid as herein stated, January 5th, 1878.
"ARMSTRONG ROSS."

That the note and mortgage referred to in the foregoing agreement were the same note and mortgage described in the complaint; that the plaintiff afterwards purchased the note and mortgage with full knowledge of the existence of the agreement above set out, and had commenced this action before any further interest was due under such agreement. Wherefore she demanded that this action should abate.

Issue; trial by a jury; verdict for the plaintiff, finding that the sum of $3,519.16 was due upon the note, and that the plaintiff was entitled to a foreclosure of the mortgage.

A motion for a new trial being first denied, the court adjudged that the amount found to be due by the jury was due upon the note, and decreed a foreclosure of the mortgage.

Questions are made here upon the sufficiency of the com-

plaint as against Holmes and wife and Patrick H. Dutch upon demurrer, and upon the refusal of the court to admit the agreement in writing between Armstrong Ross and Mrs. Dutch, set out as above, in evidence at the trial.

The first objection urged to the complaint is that the bank ought to have been the plaintiff instead of Boyd.

The bank, doubtless, might have treated the assignments of the note and mortgage as having been made directly to it, and have sued as the sole plaintiff, but these assignments made Boyd a trustee of an express trust, and, hence, he was authorized to sue without joining the bank, for the benefit of which the assignments were evidently intended. R. S. 1881, section 252; Daniel Negotiable Inst., section 417; *Baldwin* v. *Bank*, 1 Wal. 234; *Waddle* v. *Harbeck*, 33 Ind. 231; *Heavenridge* v. *Mondy*, 34 Ind. 28; *Wolcott* v. *Standley*, 62 Ind. 198; *Garton* v. *Union City Nat. Bank*, 34 Mich. 279.

The next objection to the complaint is, that, upon the facts averred, Boyd was not permitted to purchase the mortgage from Ross for the bank, and that for that reason the assignment of the mortgage to Boyd was void.

It is true, that national banking associations can not purchase, hold, or convey real estate except in certain specified cases.

Some of these excepted cases are where real estate is mortgaged to such associations in good faith by way of security for debts previously contracted, where real estate is conveyed to them in satisfaction of debts previously contracted, in due course of business, and where they buy real estate at sales under judgments, decrees, or mortgages, held by them, or purchase that kind of property to secure debts due to them. R. S. U. S., section 5137; *Heath* v. *Second Nat'l Bank of Lafayette*, 70 Ind. 106.

No objection is made to the validity of the junior mortgage taken by Boyd to secure a pre-existing debt due to the bank. The authority to take this junior mortgage being conceded, the right of acquiring such further interest in the mortgaged

lands as was necessary for the protection of the security afforded by the junior mortgage appears to us to have followed as a necessary consequence.

No restriction is imposed upon a banking association in taking a mortgage to secure a debt previously contracted. When, therefore, a national bank takes a mortgage for such a purpose, it becomes invested with all the rights which usually belong to a mortgagee. Among these is the right to protect itself, by all the usual business methods, against the disastrous consequences likely to result from older liens upon the mortgaged property. *First Nat'l Bank* v. *Nat'l Exchange Bank*, 92 U. S. 122. We, consequently, know of no ground on which the authority of Boyd to purchase the note and mortgage in suit, for the use of the bank represented by him, can be seriously questioned. *Upton* v. *Nat'l Bank*, 120 Mass. 153 ; *Ornn* v. *Merchants Nat'l Bank*, 16 Kansas, 341 ; *Spafford* v. *First Nat'l Bank*, 37 Iowa, 181 (18 Am. R. 6).

Furthermore, as has been seen, national banking associations are expressly authorized to purchase real estate, which may, of course, include any interest in such property, when necessary to secure debts already due them.

A contract for forbearance in suing upon a promissory note, or other similar instrument, in writing, after it has become a binding obligation upon the makers, must be upon some new consideration. This rule applies not only to cases in which the rights of sureties are affected, but extends to all contracts of that character. A distinct and adequate consideration is an essential requisite in all contracts of forbearance to sue. Chitty Con. 289 ; 1 Parsons Con. 440 ; 2 Parsons Con. 26 ; *Abel* v. *Alexander*, 45 Ind. 523 (15 Am. R. 270) ; *Buck* v. *Smiley*, 64 Ind. 431 ; *Starret* v. *Burkhalter*, 70 Ind. 285 ; *Lemmon* v. *Whitman*, 75 Ind. 318 (39 Am. R. 150).

As the note was overdue when Mrs. Dutch paid $300 upon it as in full of interest due upon it up to the 1st day of January, 1878, the appellants' claim, upon the authority of *Burns* v. *Anderson*, 68 Ind. 202 (34 Am. R. 250), that it was then draw-

ing only six per cent. interest, and that, consequently, the amount of interest paid, and agreed to be paid, by Mrs. Dutch being in excess of that rate of interest, constituted a sufficient consideration for the agreement to extend the time of payment of the note.

At the time their brief was filed this claim of the appellants raised a question of some interest with reference to some of our decided cases, but since that time the case of *Burns* v. *Anderson, supra,* relied upon, has been overruled by this court, and the doctrine of the case of *Kilgore* v. *Powers,* 5 Blackf. 22, re-asserted and re-established. The amount of interest which Mrs. Dutch paid, as well as agreed to pay, was not, for that reason, in excess of the lawful interest accruing, and to accrue, upon the note. *Shaw* v. *Rigby,* 84 Ind. 375 (43 Am. R. 96).

Neither the payment of interest already accrued, nor a promise to pay such interest as may thereafter lawfully accrue, upon a note, will afford a sufficient consideration for an agreement to extend the time of payment of the note. *Starret* v. *Burkhalter, supra.*

Mrs. Dutch neither paid, nor agreed to pay, a greater rate of interest than was specified in the note, and neither paid, nor promised to pay, any interest in advance. There was, therefore, no new consideration to support the agreement for the extension of time entered into with Ross. The agreement was, in consequence, ineffectual as a contract for forbearance, and inoperative for any other practical purpose.

The circuit court did not err in refusing to permit the agreement to be read in evidence.

Other questions have been incidentally discussed by counsel, but they are not presented in such manner as to require any decision upon them.

The judgment is affirmed, with costs.