No. 10,947.

RINKER *v.* BISSELL, TRUSTEE,

TRUST AND TRUSTEES.—*Non-Resident.*—*Statute Construed.*—Section 2988, R. S. 1881, has no retrospective operation, and only forbids the appointment of non-resident trustees by deed, mortgage or writing. It does not affect trusts created by operation of law.

SAME.—*Parties.—Express Trust.—Sheriff's Sale.*—A trustee to whom, before
the statute, R. S. 1881, section 2988, took effect, real estate had been con-
veyed in trust to secure the payment of bonds, is trustee of an express
trust, may, under section 252, sue in his own name to foreclose, without
joining the bondholders, and may, at sheriff's sale, under the decree,
purchase the lands, and upon thus acquiring title will hold as such trus-
tee by operation of law, with power to sell and convey.

From the Marion Circuit Court.

*J. Coburn* and *W. Irvin,* for appellant.

*D. M. Bradbury,* for appellee.

NIBLACK, C. J.—The complaint in this case represented
that George P. Bissell, styling himself trustee, on the 1st
day of April, 1883, entered into a written contract with
Caleb P. Rinker, for the sale of lot No. 11 of Butler's Sub-
division of Outlot No. 180, in the city of Indianapolis, agree-
ing to convey said lot by a deed warranting against all such
incumbrances as he might have placed on the same, in con-
sideration of the sum of $5,000, which Rinker was to pay
on receipt of a deed for the lot. The complaint further rep-
resented that Bissell had executed and tendered to Rinker a
good and sufficient deed of conveyance, according to the
terms of the contract, but that Rinker had refused to accept
the deed and to pay the purchase-money, concluding with a
demand for a specific performance of the contract.

Rinker answered, admitting the execution of the contract
and the tender of the deed, but averring that in August,
1877, one Deschler, being then the owner of the lot described
in the complaint, conveyed the same to Bissell by a deed of
trust or mortgage, to secure the payment of four coupon
bonds, for $1,000 each, payable in ten years from date, with
interest semi-annually, and all to become due at the option
of any holder upon default being made for thirty days in the
payment of any instalment of interest; that said deed of
trust also contained a provision that in case of any such de-
fault in the payment of the interest, the said Bissell might
enter upon the lot conveyed by it and retain possession

thereof, receive the rents, issues and profits arising therefrom, and sell and convey the same, or any part of it, to pay the bonds secured by such deed of trust, or any interest due thereon; that immediately after the execution of the deed of trust the bonds were negotiated and sold to persons whose names were unknown, and who were and still are non-residents of this State; that afterwards, at the January term, 1879, of the superior court of Marion county, Deschler having made default in some of the conditions of the deed of trust, judgment was rendered against him for the full amount of the bonds and the interest then due thereon, at the suit of Bissell, as trustee under the deed, and a decree of foreclosure entered, ordering a sale of the lot for the payment of the judgment; that afterwards, on the 19th day of July, 1879, the said Bissell became the purchaser of the lot in his own name at a sheriff's sale under the decree of foreclosure, bidding therefor the aggregate amount of principal, interest and costs then due on the judgment; that one year thereafter the lot not having been in the meantime redeemed by any one, the said Bissell received a sheriff's deed therefor in consummation of his purchase under the decree of foreclosure, and had ever since been in the possession and control of the same; that at the time of his purchase of the lot at sheriff's sale, the said Bissell was not a resident of this State, but was then, and had ever since continued to be, a resident of the State of Connecticut, having in consequence no power to act as trustee of the owners and holders of the bonds, for whose use the decree of foreclosure was entered; that he, the said Rinker, refused to accept the deed tendered to him by Bissell, because it was not also executed by the owners and holders of the bonds lastly above named.

The court sustained a demurrer to this answer for alleged insufficiency of the facts set up as a defence, and, Rinker failing to answer further, a specific performance of the contract for the sale of the lot was decreed, and final judgment was rendered against Rinker for the purchase-money.

Rinker assigns error upon the decision of the circuit court sustaining the demurrer to his answer, and argues : *First.* That the purchase of the lot by Bissell at the sheriff's sale, as trustee, was void, because of the inhibition against non-resident trustees in certain cases contained in the act of March 29th, 1879. *Secondly.* That his purchase in his own name was voidable on account of his former trust relations to the lot, and especially when considered in connection with his failure to make the owners and holders of the bonds named in the deed of trust parties to the foreclosure proceedings, and hence that it was necessary that these owners and holders should have united with Bissell in the execution of the deed, tendered before the commencement of the action, to make the title to the lot a complete and marketable one, as was legally contemplated by the contract of sale.

The act of March 29th, 1879, which went into effect on the 31st day of May, in that year, provides " That after the taking effect of this act, it shall be unlawful for any person, association or corporation to nominate or appoint any person a trustee in any deed, mortgage or other instrument in writing, except wills, for any purpose whatever, who shall not be at the time a *bona fide* resident of the State of Indiana; and it shall be unlawful for any person, who is not a *bona fide* resident of the State, to act as such trustee. And if any person, after his appointment as such trustee, shall remove from the State, then his rights, powers and duties, as such trustee, shall cease, and the proper court shall appoint his successor, pursuant to the provisions of the act to which this is supplemental." Acts 1879, p. 225; R. S. 1881, section 2988.

It was held in the case of *Thompson* v. *Edwards*, 85 Ind. 414, that this act was not intended to have, and could not be construed as having, any retrospective effect. See, also, *Knapp* v. *Railroad Co.*, 20 Wal. 117. Bissell was, therefore, still trustee under the trust deed at the time of the sheriff's sale in July, 1879, and by his purchase of the lot at that sale he

was by operation of law continued in his former position as such trustee.

As will be observed, the inhibition against the appointment of non-resident persons as trustees extends only to such appointments as are made by some deed, mortgage, or other instrument in writing, and hence has no application to cases in which persons become, or are continued, as trustees by operation of law merely. After his purchase at sheriff's sale, the trust relations of Bissell to the lot continued the same as they were before the foreclosure, except that Deschler's equity of redemption had been barred and foreclosed, and Bissell's power of alienation had become absolute and complete.

Bissell had as much right to purchase the legal title of the lot, when the sheriff sold it,. as had any other plaintiff to buy the property of a judgment defendant at a like sale, and it was his duty to bid in the lot, if such a course were necessary to protect the trust estate in his hands. No charge of bad faith is made against Bissell in that respect, and all the presumptions are indulged in favor of the good faith and validity of his purchase.

The Code of 1852, which was in force when the foreclosure proceedings and sheriff's sale occurred, contained a provision that "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." 2 R. S. 1876, p. 34, section 4; R. S. 1881, section 252.

The deed from Deschler to Bissell made the latter a trustee of an express trust. The *cestuis que trust* were consequently not necessary parties to the proceedings to foreclose the implied mortgage created by the deed. *Musselman* v. *Cravens*, 47 Ind. 1; *Wolcott* v. *Standley*, 62 Ind. 198. In this class of cases, the trustee becomes the legal representa-

tive of the *cestuis que trust,* and is charged with the responsibility of all litigation which arises in the enforcement of the trust. It is, therefore, proper that he should be permitted to control such litigation as affects the trust property. *Knapp v. Railroad Co., supra.*

Upon the facts averred in the answer, we see no objection to the sufficiency of the deed tendered by Bissell to Rinker, and nothing has been presented which, in our opinion, requires a reversal of the judgment.

The judgment is affirmed, with costs.