Bugh *v.* Crum.

---

## BUGH *v.* CRUM ET AL.

[No. 3,445.   Filed April 2, 1901.]

BILLS AND NOTES.—*Extension of Time.*—*Release of Surety.*—*Compound Interest.*—Where the payee of a promissory note, without the knowledge or consent of the surety, extends the time of the payment of the note, and takes a note from the maker for the accrued interest, the second note bearing interest at a specified rate,

the surety is released, since the agreement in the second note was not simply to pay interest due, but to pay compound interest, which was sufficient consideration for the agreement to extend the time of payment.

From the Wells Circuit Court.    *Affirmed.*

*N. K. Todd, J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellant.

*A. L. Sharpe* and *C. E. Sturgis,* for appellees.

HENLEY, C. J.—This was an action by appellant against appellees upon a promissory note.   Appellee Crum was principal and appellee Motz surety on the note sued on.   Motz answered separately averring the fact that he was a surety on said note and received no part of the consideration on account of his signing the same, all of which facts appellant well knew.   That without the knowledge or consent of this appellee, appellant extended the time of payment of said note for twelve months, and as a consideration therefor appellee Crum, the principal in said note, executed and delivered to appellant a note for $44, due one day after date, and bearing interest at the rate of eight per cent. per annum from date, and attorney's fees, and payable at the Studabaker Bank at Bluffton, Indiana.   That a part of said note represented the accrued interest on the note sued on in this action.   The issue tried was made upon this answer.   The surety, Motz, was released.   The question upon appeal is as to the sufficiency of the evidence to sustain the verdict.

It is conceded that the law is correctly stated in the case of *Voris* v. *Shotts,* 20 Ind. App. 220, where it is said: "It is necessary to the release of a surety upon a promissory note, by reason of the extension of the time of payment of the note, that the extension should be for a definite period; that it should be for a valuable consideration; that it should be done without the consent of the surety, and that the holder of the note should have knowledge of the fact that the person seeking the release for such cause is a surety."

It is admitted by counsel for appellant that the evidence

is sufficient in every respect except that it wholly fails to show a valuable consideration for the extension of time of payment. The evidence shows that the principal in the note executed to the payee his note for the accrued interest, which last note bore interest at the rate of eight per cent. per annum from date. The execution of the note for the accrued interest was the consideration upon which the time of payment was extended. Was this a sufficient consideration?

The Supreme Court of this State has uniformly held that if, after a debt bearing interest becomes due, the creditor agrees to extend the time of payment for a definite period upon the payment of the interest due, there is no consideration for the promise, and the surety is not thereby released. *Hume* v. *Mazelin*, 84 Ind. 574; *Starret* v. *Burkhalter*, 70 Ind. 285; *Hamilton* v. *Winterrowd*, 43 Ind. 393; *Chrisman* v. *Tuttle*, 59 Ind. 155; *Holmes* v. *Boyd*, 90 Ind. 332.

The rule of law as established by the above decisions is tersely stated by Niblack, J., in *Holmes* v. *Boyd, supra,* as follows: "Neither the payment of interest already accrued, nor a promise to pay such interest as may thereafter lawfully accrue, upon a note, will afford a sufficient consideration for an agreement to extend the time of payment of the note." The same rule has been established by the supreme court of Illinois. *Crossman* v. *Wohlleben*, 90 Ill. 537. But a majority of the courts of this country have held a contrary doctrine, the reasoning being well expressed by Reed, J., in *McComb* v. *Kittridge*, 14 Ohio 348, as follows: "It is a valuable right to have money placed at interest, and it is a valuable right to have the privilege, at any time, of getting rid of the payment of interest, by discharging the principal. By this contract, the right to interest is secured for a given period, and the right to pay off the principal, and get rid of paying the interest, is also relinquished for such period. Here, then, are all the elements of a binding contract." To the same effect see *Fowler* v. *Brooks*, 13 N. H. 240; *Chute*

v. *Pattee,* 37 Me. 102; *Robinson* v. *Miller,* 2 Bush. (Ky.) 179; Brandt on Suretyship and Guaranty, §354.

Adhering to the rule established by our Supreme Court, we must hold that the mere payment of interest and the extension of the time of payment of the principal for a definite time did not release the surety. But in this case something more was done. Under the agreement a note was given for the interest due, and this note bore interest from its date. The agreement was not simply to pay the interest due, it was to pay compound interest, and this was a sufficient consideration for the agreement to extend the time of payment, and it released the surety on the note. The payee of the note testified that he took the note for the interest and extended the time of payment of the principal because by so doing he would get interest upon the interest due. The surety established every element necessary for his discharge. We find no error.

Judgment affirmed.