## OWEN *v.* HARRIOTT.

[No. 6,914.   Filed March 31, 1911.]

1. APPEAL.—*Briefs.—Points and Authorities.—Waiver.*—Where appellant fails to consider under his Points and Authorities in his brief certain alleged errors, they are waived.  p. 361.

2. PARTIES. — *Beneficiaries. — Contracts. — Notes. — Mortgages. — "Trustee of an Express Trust."*—Where a husband acted as the agent of his wife in the sale of goods, and a note and mortgage in payment for the goods were executed to him, he may maintain a suit thereon in his own name as the "trustee of an express trust." (§252 Burns 1908, §252 R. S. 1881.)  p. 362.

3. APPEAL.—*Presentation of Question.—New Trial.—Presentation to Court.*—Where the record on appeal shows that the appellant's motion for a new trial was "filed in the office of the clerk" on July 22, and that on September 18, at the succeeding term, leave

was granted to amend such motion, and that on October 5, "the court overruled the motion of the defendant for a new trial," no question on the overruling of such motion is presented, there being no showing that the motion was presented to the court except at the September term, merely filing with the clerk being insufficient. p. 365.

4. JUDGMENT.—*Motions in Arrest.—Pleadings.*—Where the pleadings, in a suit on a note and for foreclosure of a mortgage, consist merely of a complaint and special answers, including one of set-off, defendant's motion in arrest of judgment must be denied unless all paragraphs of the complaint are so defective as not to be cured by the verdict or finding. p. 367.

5. APPEAL.—*Briefs.—Waiver.—Motions in Arrest of Judgment.*—Appellant's failure, in his brief, to question the first paragraph of appellee's complaint, is a waiver of his motion in arrest of judgment. p. 368.

6. JUDGMENT.—*Death of Special Trial Judge.—Appointment by Regular Judge.—Change of Judge.*—Where a change of judge is granted and a special judge tries the case but dies before signing the judgment rendered therein, the regular judge should appoint another special judge whose duty it is to sign such judgment. pp. 368, 370.

7. JUDGES.—*Special.—Appointment.—Presumptions.*—The appointment of a special judge will be presumed to be regular, where the contrary does not appear. p. 369.

8. JUDGES.—*Special.—Authority.*—A special judge has authority to determine a case in all stages. p. 369.

9. JUDGMENT.—*Unsigned.—Validity.*—An unsigned judgment is defective but not void. p. 370.

10. APPEAL.—*Certiorari.—Correction of Record Below.—Evidence.— Motions.— Entries.—* In an application to correct the record of a case below, evidence of written motions and record entries and filings is admissible, and on writ of *certiorari* the court, on appeal, may review the trial court's rulings thereon. p. 370.

11. COSTS.—*Certiorari.—Correcting Record.*—Where appellee applied in the trial court for a correction of the record, but the court erroneously failed so to correct, the Appellate Court, on a writ of *certiorari*, may tax the costs of such proceeding, including the writ, against appellant. p. 371.

From Delaware Circuit Court; *Ed Jackson*, Special Judge.

Suit by Arthur L. Harriott against Timothy S. Owen and another. From a decree for plaintiff, defendant Owen appeals. (For decision on motion for a writ of *certiorari*, see 42 Ind. App. 604.) *Affirmed.*

*Timothy S. Owen* and *Frank Ellis,* for appellant.

*McClellan & Hensel,* for appellee.

HOTTEL, J.—This is a suit brought by appellee against appellant and Lewis L. Perdiue, to collect a promissory note and to foreclose a chattel mortgage given to secure said note. Suit was dismissed as to Perdiue, and upon trial by the court there was judgment for appellee against appellant in the sum of $314.53, and a decree for the sale of the chattels mortgaged, in case of default of payment of the judgment.

The complaint was in two paragraphs, to each of which a demurrer was filed and overruled. The defendant filed an answer in seven paragraphs, including the general denial and a paragraph of set-off.

Appellant in his brief states his propositions of law and the authorities relied upon to support them, without argument. In these propositions the third, eleventh,

1. twelfth and fifteenth assignments of error only are considered. All other assignments, relied upon for reversal, are therefore waived. Rule 22 Supreme and Appellate Court; *Hoover* v. *Weesner* (1897), 147 Ind. 510; *Gifford* v. *Baker* (1902), 158 Ind. 339. A statement of the substance of each paragraph of complaint is all that is necessary to a consideration of the questions presented by these assignments.

The first paragraph of complaint contains all the necessary and usual allegations of a complaint upon a note and chattel mortgage given to secure it where the suit is by the payee against the maker of the note and mortgage, and copies of the note and mortgage are set out with this paragraph as exhibits, both of which are drawn in favor of appellee as the payee of the debt. The sufficiency of this paragraph is not questioned by appellant under his points and authorities.

The second paragraph contains all of the essential allegations of the first, with reference to the execution of the note

and mortgage, the terms and conditions thereof as to payment, and allegations showing default of payment and that the debt for which the note was given was due and owing at the time of the filing of the suit, and makes copies of the note and mortgage a part of the paragraph as exhibits; but this paragraph contains the additional allegations that while the note upon its face is payable to appellee, and the mortgage, given to secure the note, is also made to him, they were in fact executed and delivered to him as the agent of his wife, Harriet Harriott, who had for many years been engaged in the jewelry business, and that appellee for some fifteen years had been her duly appointed and acting agent in the sale of such jewelry, and was so acting as such agent on February 28, 1906, and as such agent sold to appellant the jewelry for which the note sued on was given; that the jewelry so sold to appellant was the property of appellee's said wife, and that appellee took said note and mortgage therefor as her agent; that appellee's said wife has been at all times, and was at the time of the filing of the suit, the sole owner of said note and mortgage.

The third assignment of error calls in question the ruling of the court upon the demurrer to this second paragraph of complaint. The demurrer contains four grounds, but inasmuch as the first and fourth grounds only are considered by appellant in his brief, the second and third grounds will be disregarded. The first is "defect of parties plaintiff, in that Harriet Harriott, the real party in interest is not joined." The fourth is "that said second paragraph * * * does not state facts sufficient," etc.

Appellant insists that this second paragraph of complaint, upon its face, shows that appellee's wife, Harriet Harriott, is the real party in interest, and that on this account there is a defect of parties plaintiff, and a want of sufficient facts to show a cause of action in appellant, and that therefore appellant's demurrer to this paragraph, upon said grounds before stated, should have been sustained.

Section 251 Burns 1908, §251 R. S. 1881, provides as follows: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section."

Section 252 Burns 1908, §252 R. S. 1881, provides as follows: "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

Upon this question the Supreme Court, in the case of *Mitchell* v. *St. Mary* (1897), 148 Ind. 111, at page 115, uses the following language: "There must be something in the nature of the contract, appearing upon its face or *from allegations in the pleadings,* disclosing that a trust relation exists and is sought to be enforced for the benefit of the *cestui que trust.*" (Our italics.) In the case at bar the allegations of the pleading clearly disclose this relation.

In the case of *Rowe* v. *Rand* (1887), 111 Ind. 206, 210, the court said: "An agent may sue in his own name: (1) When the contract is in writing, and is expressly made with him, although he may have been known to act as agent. (2) When the agent is the only known or ostensible principal, and is, therefore, in contemplation of law, the real contracting party."

Upon the question of who is a trustee of an express trust, the Supreme Court, in the case of *Heavenridge* v. *Mondy* (1871), 34 Ind. 28, 31, said: "The meaning of the words 'a trustee of an express trust,' as used in section four above quoted, was not left to the interpretation and construction of the courts, but their signification and construction were so plainly and clearly defined by the legislature as to leave no room for doubt or construction. Any person is 'a trustee of an express trust' with whom, or in whose name, a contract

is made for the benefit of another. The word 'contract' is not used in a limited or restricted sense, but it is used and intended to be applied to all and any kind of contracts. As the note sued upon was made for the use of William Mondy, this action might have been prosecuted in his name under the third section of article two of our code; but as it is payable to Alfred Mondy, for the use and benefit of William Mondy, it thereby makes Alfred Mondy the 'trustee of an express trust,' and the suit is properly prosecuted in his name under the fourth section above quoted." In cases like the one at bar, either the principal or the agent may sue.

In the case of *Brooks* v. *Doxey* (1880), 72 Ind. 327, 330, the court said: "It is abundantly clear that where a factor sells goods in his own name, and without notice to the purchaser that he is not the principal, the latter may sue the purchaser for the price of the goods, though the agent might sue therefor in the absence of any claim by the principal. Thus, in Wharton, Agency §762, it is said: '*Principal may sue vendee in his own name.* This necessarily follows from what has been stated. * * * This right exists though the factor be himself entitled to sue on the contract; or though the vendee supposed the factor to be the real vendor, the true principal being unknown.' "

In 1 Story, Contracts (5th ed.) §263, the author says: "The cases in which an agent can sue third persons in behalf of his principal, may be divided into several classes, in all of which the rights of the two parties are correlative against each other. (1) Where an express contract in writing is made with the agent, personally, the principal not being named; * * * or where a promissory note is given to the agent personally in his own name, though it be for the benefit of the principal." To the same effect as the cases before cited are the following cases and authorities: Story, Agency (9th ed.) §396; *Sharp* v. *Jones* (1862), 18 Ind. 314, 315, 81 Am. Dec. 359; *Rawlings* v. *Fuller* (1869), 31 Ind. 255; *Fowler* v. *Rice* (1869), 31 Ind. 258; *Fuller* v. *Curtis*

(1885), 100 Ind. 237, 50 Am. Rep. 786; *Wolcott* v. *Standley* (1878), 62 Ind. 198; *Landwerlen* v. *Wheeler* (1886), 106 Ind. 523; *Musselman* v. *Cravens* (1874), 47 Ind. 1; *Waddle* v. *Harbeck* (1870), 33 Ind. 231, 233, 234; Mechem, Agency §§754, 757. Under the authorities cited, the demurrer to the second paragraph of complaint was properly overruled.

The eleventh assignment of error calls in question the ruling of the court on the motion for a new trial. Appellee insists that this error is not available because the record fails to disclose that any presentation of the motion was made to the trial court. The record discloses a record entry dated June 3, 1907, being the fifty-fifth judicial day of the April term, 1907, of the Delaware Circuit Court, which shows that said cause was tried and judgment rendered therein, which record entry was signed as follows: "Ed Jackson, successor to Honorable John M. Morris, deceased, October 5, 1907." The only entry upon the subject of filing a motion for new trial is in the words following: "Be it further remembered, that afterwards, to wit, on July 22, 1907, defendant, Timothy S. Owen, filed in the office of the clerk of the Delaware Circuit Court his motion for a new trial of this cause, which motion is in words and figures following, to wit."

The record further discloses that on September 10, 1907, being the eighth judicial day of the September term of said court, "the following proceedings were had before the Honorable Joseph G. Leffler, sole judge of said court, namely." It was suggested that the Honorable John M. Morris, judge of the Henry Circuit Court, who was special judge in this cause, is deceased, and the court ordered that the Honorable Ed Jackson, judge of said Henry Circuit Court, be appointed special judge to hear, try and determine this cause. On September 18, 1907, being the fifteenth judicial day of said September term of said court, defendant asked and was granted leave to amend his motion for a new trial, to which plaintiff at the time excepted, and, on October 5, 1907,

being the thirtieth judicial day of said September term of said court, the court overruled the motion of defendant, Owen, for a new trial, to which ruling defendant at the time objected and excepted. The record nowhere discloses any application to the court for a new trial, nor any presentation of either the original motion or of any amended motion, unless such presentation should be inferred from the record entry referred to, showing the request for and leave granted to amend the motion and the entry showing the ruling of the court on the motion; but both of these record entries show, upon their face, that they were made at the September term of said court, following the term in which the decision was rendered, and, therefore, even if a presentation of the motion at that time could be inferred from said entries, the presentation came too late under the statute. The record does not disclose the filing of any amended motion. The only entry upon this subject of the filing of a motion for a new trial is the one indicated, showing merely that defendant filed such a motion with the clerk of the court. From the language of the entry, the filing of the motion does not appear to have been made in open court or to be part of any proceedings had before the court while in session. This record does not show a presentation of the motion for a new trial to the court as required by §§587, 588 Burns 1908, §§561, 562 R. S. 1881.

In the case of *Levey* v. *Bigelow* (1893), 6 Ind. App. 677, 681, the court said: "It is true that a motion for a new trial must be presented to the court. Filing it with the clerk alone is not sufficient."

It is said in the case of *William Deering & Co.* v. *Armstrong* (1898), 18 Ind. App. 687, 690: "It has always been held in this State, that the presentation to the clerk of any instrument required to be filed, and his indorsement thereon of his file mark, does not constitute a filing within the meaning of the law where papers or other instruments are required to be filed in open court. Such fact must be called to the attention of the court, and the court must make an entry

or a memorandum thereof. The mere writing and filing with the clerk of a motion for a new trial, is not, within the meaning of the statute, making an application for a new trial.''

In *Emison* v. *Shepard* (1889), 121 Ind. 184, 186, speaking with reference to the statute which provides for the filing of a motion for new trial, the court said: ''The statute declares it shall be by motion upon written cause filed at the time of making the motion, clearly contemplating that the motion shall be made or presented to the court, and, also, that the cause or reason for the motion shall be reduced to writing and filed at the same time of making the motion, the motion to be entered by the court and the written reasons filed by the clerk.''

The case of *William Deering & Co.* v. *Armstrong, supra,* is especially applicable to the facts presented by the record in this case, and is controlling herein. Under the law, as declared in this case, the motion for a new trial in the case at bar was not presented to the court below, and therefore none of the questions therein presented will be considered by this court.

The twelfth assignment of error calls in question the ruling of the court on the motion in arrest of judgment. What we have said with reference to the sufficiency of the

4. complaint in this case practically disposes of this assignment of error. Where, as in this case, there is no cross-complaint or counterclaim, a motion in arrest of judgment must be addressed to plaintiff's pleadings, and must be denied, unless all of the paragraphs are so defective as not to be cured by the verdict or finding. *Sims* v. *Dame* (1888), 113 Ind. 127, 131.

One good paragraph of complaint, where the court has jurisdiction of the subject-matter and has acquired jurisdiction of the parties, prevents reversible error growing out of the refusal of the court to sustain the motion in arrest of judgment. *Gilmore* v. *Ward* (1899), 22 Ind. App. 106; *Lange* v. *Dammier* (1889), 119 Ind. 567.

Appellee, by his failure in his brief to call in question the
first paragraph of complaint, concedes its sufficiency,
5.  and this concession would, of itself, waive any error
resulting from the ruling on the motion in arrest of
judgment.

The fifteenth assignment of error is as follows: "The
judgment signed and rendered by the Honorable Ed Jack-
son was rendered by him without submission of the
6.  case to him, and without trial or hearing before him,
and without default, and is therefore illegal and in-
valid." Upon this assignment, counsel cite no authority ex-
cept §585 Burns 1908, §559 R. S. 1881, which relates wholly
to causes for a new trial, and has no controlling influence
upon this assignment of error. . We think by this assign-
ment and the authorities submitted thereon, no question is,
in fact, presented for decision by this court. But we have
considered the objections presented. Under this head, coun-
sel for appellee have questioned the right of the regular
judge, upon the suggestion of the death of the special judge
after the trial of the cause, to appoint a successor to deter-
mine the case. Counsel are not supported in this contention
by the authorities.

The record discloses that upon the application and affi-
davit of Lewis L. Perdiue, appellant's codefendant to the
original complaint, a change of venue was taken from the
regular judge, on account of his alleged bias and prejudice,
without objection or exception by appellee. It was not only
the privilege, but it was the duty of the regular judge, after
the change of venue had been taken from him and the special
judge appointed had died, to refuse to sit in the hearing of
the cause which had been so venued away from him. Upon
the default of the special judge, whom he had appointed
finally to determine and dispose of the case, the cause
dropped back to the regular judge, only for the appoint-
ment of another judge, and not for the trial of the cause or
taking any other steps therein. *Lillie* v. *Trentman* (1891),

130 Ind. 16, 19, 21; *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 119 Am. St. 524.

The appointment of Jackson as special judge, after the death of Morris, was regular and conferred jurisdiction on him. *Harris* v. *United States, etc., Co.* (1896), 146 Ind. 265; *Hutts* v. *Hutts* (1875), 51 Ind. 581, 584; *Greenup* v. *Crooks* (1875), 50 Ind. 410, 415, 416; *Glenn* v. *State, ex rel.* (1874), 46 Ind. 368, 372, 373; *Stinson* v. *State, ex rel.* (1869), 32 Ind. 124; *Singleton* v. *Pidgeon* (1863), 21 Ind. 118; *Cincinnati, etc., R. Co.* v. *Rowe* (1861), 17 Ind. 568.

The decisions just cited hold that where, for any cause, the special judge fails to appear before the cause which he is appointed to try is finally disposed of, the cause falls back upon the docket before the regular judge; and it is held in the case of *Harris* v. *United States, etc., Co., supra,* that where a judge is disqualified he is in all respects disqualified from acting, except to appoint a special judge. The court in that case said, at page 268: "The petition for such receiver, although in aid of the decree originally rendered, was a new invocation of the equity powers of the court, and was an appeal to the court, rather than to its judge or to the special judge who presided in the original suit. The right to put that jurisdiction into exercise did not depend upon the will or pleasure of the special judge, but rested with the court whose regular judge was disqualified from acting, all but to appoint a special judge."

7. It has also been held by our Supreme Court that, nothing appearing to the contrary, the appointment of a special judge will be presumed to be regular. *Lillie* v. *Trentman, supra; Mayer* v. *Haggerty* (1894), 138 Ind. 628, 635; *Bartley* v. *Phillips* (1888), 114 Ind. 189.

8. A judge thus appointed acquires full authority over the cause through all its stages. *Perkins* v. *Hayward* (1890), 124 Ind. 445.

That Jackson, as the successor of Morris, special judge in

Vol. 47—24

the case, had a right to sign the record of the judgment before rendered by Morris, but not signed by him, we think is settled by §1451 Burns 1908, §1331 R. S. 1881. Parties cannot be heard to say that they are not bound by what has been done by the court simply because the minutes have not been read and signed. A judgment rendered but not signed is not void, the failure to sign it being but an irregularity. *Griffith* v. *State* (1871), 36 Ind. 406; *Beitman* v. *Hopkins* (1887), 109 Ind. 177.

Another question has been raised in this case. There was an application by appellee in the court below for the correction of the record by *nunc pro tunc* entries. The court below overruled this motion, and appellee then applied to this court for a writ of *certiorari*, which was at first denied and afterwards granted, and the clerk of the Delaware Circuit Court, in his return to the writ, has certified to this court a transcript of the proceedings and rulings of the court had upon said motion. This record discloses that the lower court, in hearing the motion to correct, practically refused to admit any of the evidence offered. The offered evidence included the original motion for a new trial and record entries showing the filing thereof, and leave asked by appellant and granted by the court to amend, and other entries, all of which we think were competent and material in determining the question of whether the record should have been corrected by *nunc pro tunc* entries, and, in the exclusion of this evidence, we think it clear that the court below committed error. The purpose of the motion to correct the record, as disclosed by the transcript of said proceedings, was to show that the motion for a new trial set out in the original record, filed herein July 22, 1907, as the original motion for a new trial, is, in fact, a motion amended and filed under leave of court granted on September 18, 1907, at a term of court subsequent to that in which the decision and judgment of the court below was rendered. In view of the opinion of this court, as heretofore expressed

Cleveland, etc., R. Co. *v.* Schaefer—47 Ind. App. 371.

upon the subject of the presentation of the motion for a new trial, no good could now be accomplished by such correction of said record, or by any further steps herein by either this or the lower court in the matter of correcting said record, and the judgment of the court below in this matter is, therefore, allowed to stand; but, on account of the error of the court below in excluding the offered evidence before referred to, the costs in the proceeding to correct the record and of the application for the writ of *certiorari* should be taxed against appellant.

Judgment affirmed, with an order to tax costs of appeal, including the cost connected with the *certiorari* proceedings and the motion for *nunc pro tunc* entry, against appellant.